22-26-56 U.S. v. Siemens AG  And the city investigated, discussed the case with my client, and ultimately, the city decided to intervene in the state case. At that time, the city and the state wrote to the federal court, the district court, and said, judge, we're going to handle the state claims. Please dismiss the state claims in the federal case so that we can have them all in the state case. And frankly, that's where those claims belonged. And what happened to that case? In that case, the city of New York took over the case. The city of New York litigated the case. There was a lot of discovery. There were a lot of facts. The relator was deposed. And ultimately, the city of New York settled for $1.5 million, of which the relator received a relator share of $300,000. The city became a plaintiff, right? The city became a plaintiff, settled. So they had to share. The relator had to share the money with the city, right? That's right. And the relator shares the money with the city. Now, the relator objected to that settlement, saying that $1.5 million is a terrible reward. And I think the case is worth $750 million. This is in the state cases that we've cited to you. And the state court overruled the relator's objection in the state case and said it was very reasonable for the city to settle for $1.5 million because the evidence that has been presented by both the city and the defendants make it likely that if this case had been litigated to trial, then the city would have gotten nothing because the defendant's claims have merit. The defendant's defenses have merit. That's the state case. In the meantime, the federal court, as Judge Carney mentioned, had right away in 2015, as soon as the state claims were gone from the federal case, the federal court did exactly what the federal court should have done while the case was still under seal because it needed to be under seal because the city and state hadn't yet asked for any unsealing. The judge went to the relator under seal. Siemens was not part of this conversation. Siemens did not know this was happening, went to the relator and said to the relator, OK, please come in for a conference. I'm going to keep the seal until you come in and tell me what you want to do. And that was a key moment because that is different from what normally happens in these ketan cases. As I'm sure your honors are well aware and as the district court stated, ordinarily, when there is a declination, then immediately the judge issues an order that unseals and orders service at the same time. Of course, here it was not. And here it was not done because it was not unsealed. Well, at a moment, he did unseal it. He did unseal it later because several years later, when the relator in this case was just laying low, doing nothing, basically playing games to try to keep alive a second bite at the apple when he was fully having his first bite at the apple, at a certain point, settlement negotiations began between the city and the defendants. Between the city and the defendants, but never the state, never the government. The state had basically delegated to the city all of its rights. So the city was the applicable litigant. The state was not litigating because the state had told the district court that it had no interest in the case and only the city had an interest. Council, we are taught to read the statute and see what it says. That's correct. And the statute says, 370.30b2, that a relator must await a court order before serving a defendant. That is, the district court was required to issue an order allowing him to serve, no matter what the state of the matter was. And the district court did not do that and then dismissed the case for lack of service. That's correct, Your Honor. And let me explain how what the district court did can be harmonized with Rule 4M and the text of the statute. So the text of the statute actually has two key components. The first part of it, which is section 3730b2, contains a sentence that says, the complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. That's what Your Honor was just referencing. Correct. But the statute also says, in section 3730b3, that the defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant, pursuant to Rule 4 of the Federal Rules of Civil Procedure. So the statute also adopts the concept that Rule 4 applies to service on the defendant. Right. Right. But isn't that triggered by the court ordering service? Well, here's our argument, Your Honor. And this is what the very few courts that have confronted this situation have all done. There are only two courts, the Purvis Court, and I'm going to pronounce it wrong, the Malaviraku case. Those two courts are the only cases that we can find where district judges have been presented with the same situation that this district judge was presented with, issued an unsealing, but not a simultaneous order for service. In both of those cases, those courts assumed that you harmonized the rule by applying the 4M deadline. So it starts to run when the case is unsealed. But the court then should issue the order for service. But if the relator doesn't come in and ask for that order within the time period of 4M, does the relator have to ask in addition? Well, this is the only way to harmonize the rule in a way that makes sense. So let me ask a different question if I may. So if we were to disagree with you about whether these can be harmonized, I'm still struck by the amount of time that passed with the relator taking no action. And you make the alternative argument that the case could be, the decision could be vacated and remanded and with directions to dismiss the case for failure to prosecute. That's correct. But you did not take a cross appeal making that argument. And so I wondered whether that limits our ability to do exactly what I've just described. It does not. And why is that? The judge's decision on failure to prosecute was only addressed to failure to prosecute with prejudice. And he decided that failure to prosecute with prejudice was not the standard that he was going to go for. But this court can affirm his dismissal without prejudice on any ground supported by the record. But aren't we still expanding and changing the scope of the judgment that was entered below if we do that? Because the dismissal was without prejudice, right? It was a dismissal without prejudice. And you can dismiss for failure to prosecute without prejudice. It can be the same dismissal. It doesn't have to be a different dismissal. There are several cases that recognize that dismissal for failure to prosecute can be either with or without prejudice. And they're addressed in our brief. OK, and your adversary argues that this is a very harsh sanction to enter Rule 41 dismissal. And because there was no notice here, and because there's no prejudice, that Siemens was kind of playing along with the delay and didn't really harm Siemens at all, that it would be inappropriate to dismiss under Rule 41. And what's your response? Our response to that is it was entirely relator's responsibility to make sure that his complaint was timely served. And if the judge did not issue an order, it was his responsibility to go and ask for it. Our ability to do anything was significantly limited by the fact that, for years, the case was under seal and we did not even have access to the docket. And there's a fundamental principle. Even if we did have knowledge, and we did have some knowledge, which most defendants do not, it is not incumbent upon a defendant to invite a court to order a plaintiff to issue service on that defendant. You had knowledge? I see my time. I'm sorry, Your Honor. You had knowledge because you were involved in the city case. So you knew exactly what the claim was. That's correct. But as you say, it's not your responsibility to invite the plaintiff to serve you. In fact, at every step, we made sure to preserve our rights. The only time that our name ever appears in the docket was in a stipulation that the city asked us to basically sign in both cases because the state claims were in both cases. We made very clear in that stipulation to reserve all of our rights and to make sure that it was not an appearance of any sort in that case. Did you ever urge the judge by motion or letter to issue an order allowing service? As I say, Your Honor, it is a fundamental principle of our judicial system that is not incumbent upon the defendant to basically. I understand. But you had this case on your docket for five years. I assume you wanted to move it as well. We assumed that as soon as it was unsealed, the relator would serve it. And the relator didn't do that. And then we thought maybe he wasn't pursuing it because. But you're assuming further that you would have prevailed because there was no federal money involved in this particular program. Is that correct? That's correct, Your Honor. So why didn't you, in the interest of moving it along, in the interest of preserving all your rights, move the judge to issue an order allowing service? It's a rare defendant that would ask a judge to make a claim received against them when they are not otherwise obligated to respond to that claim. A rare defendant, but one that could have stayed out of court. I see my time is up, but I have one more. May I say one more thing? Or do you have a question? I have some questions too, but please say what you need to say. What I want to say is it's very, very clear, and the relator admits this in his reply brief at page 22, note 7, that he made a specific decision not to press the district court for greater clarity on the issue of service after the complaint was unsealed. He made a strategic decision not to do that. This answers, Judge Pooler, your question as well, which is if one is to ask, why didn't you do something, it is first and foremost incumbent upon the relator to do something, much more so than it ever would be on a defendant. I agree. So can I just, I think, segue into one of my questions? Because a lot of this conversation is really about failure of prosecution. It's clearly a source of concern here. What is the standard of review for our review of the district court's decision that this didn't warrant dismissal under Rule 41? It's our position that standard of review is an abuse of discretion. The judge specifically did not rule on the statute. He exercised his discretion to dismiss. All right, and then the other question I had on the statutory issue is, if the unsealing is what starts the clock, it looks to me like there was a moment in 2012 when the order extending the seal expired, but a new order reinstating the seal wasn't issued, right? The order expired on 10-29-12, and the new one was issued 11-16-12. And I'm wondering whether, on your reading, that means that, by operation of law, it was unsealed in 2012, and that's when the clock started. That would be an extreme position to take, and I do not believe that we would assert that argument. I mean, if there is what I would call a brief administrative failure, and it's quickly corrected, it does not seem to me that the purpose of the statute would be well served by strictly following the rule in that instance. So you're saying that the unsealing that triggers the clock is an affirmative order to unseal,  Yes, and if you look at the statute, the statute discusses the declination, the unsealing, and then the service together. So it contemplates unsealing and service together when the government has finished investigating. So the judge could have, at the moment he unsealed the case, could have ordered service. He could have done it simultaneously. He could have, and he didn't. Right, he didn't, and that's why we're here. And our position, Your Honors, is that under whatever theory makes the most sense, we believe that there is ample evidence in the record to affirm the dismissal without prejudice, and that Your Honors can dismiss on the grounds the judge found, on the statutory interpretation, or on a failure to prosecute without prejudice. The record supports all of those. How would you describe the grounds the judge found? If it's not the statute, it's not Rule 41. What was the legal hook for the court's decision? As we understand the judge's ruling, it's he effectively said that the statute was ambiguous, and that it was ambiguous as to whether or not 4M directly applied, but that under any reasonable reading, it would be incumbent upon the relator to show good cause for wanting the case to proceed at this late date. And he was not going to issue the order to serve without good cause, because it was still within his purview to issue the order to serve. So what are the alternate readings of this? Under any reading of the statute, what are the alternate readings of the statute? Putting aside the 41 issue, Rule 41 issue, what are the alternate readings of the statute that could have supported the notion that there was a duty, that it was too late, that time had passed, that you needed good cause? He seemed to invoke good cause generally. OK. Mr. Rodriguez? Thank you, Your Honors. Thank you. So a few points. I think I'll start with an easy one, which is just to clarify, as we stated in the briefs, from our position. There was no way to get to the outcome that the district court got to without some implied interpretation of the statute. Because the statute clearly modifies the applicability of Rule 4. Because at a minimum, certainly a ketam case can't be served after the filing. And so we're already in a territory where we're talking about a modification of Rule 4M. And then it becomes a question of how far the modification of Rule 4M is. That's necessarily a question of law. That's under de novo review. For you. We were presenting this relater at the time that the case was unsealed? No, we were not, Your Honor. We appeared as substitute counsel simultaneously with the filing of the status letter in September of 2020. So you never asked the judge, though, for an order allowing you to serve? Well, in the status letter that was filed in September of 2020, we stated our intention to seek leave to amend the complaint, which would then move forward with a request for service. But did you ever make that motion, asking the judge to serve? I don't recall whether that was in the letter, Your Honor. I don't believe so. The additional point I'd like to emphasize is with respect to the statutory structure, my colleague referenced the B3 section as a basis of comparison. And I actually would say that that comparison is more germane to our interpretation of the statute than it is to theirs. And the reason for that is that B2 creates a clear set of clauses that are distinct requirements that limit the manner in which either the government or the relater can proceed in the initial stages of the case. And then subsequent to each of those stages, there's been a new subsection, which is B3, assuming that each of those sequences has been completed, that then implies that that is when 4M kicks in, and then there's a response date. So looking at the structure of the statute, I think B3 supports the reading of B2. I just also wanted to go back and clarify something that Judge Pooler raised earlier, which is the 2015 order in question that we were discussing was not an order to show cause on the particular issue concerning the relater's position. It was an order granting the city's request to dismiss state law claims so that they could be pursued in the parallel state court litigation. As a supplemental point in that order, the judge also included an invitation for the relater to state his intentions with respect to the federal claims that had been declined by the United States. And as we've discussed, there wasn't a response that was provided to that. The last thing I'd like to say is with respect to the federal monies issue. Obviously, if the judgment were vacated and it were remanded, we're happy to litigate that issue on the merits. What I would say for this court is that our position is that the federal monies in question are what I would call, in essence, pass-through monies, meaning federal monies that are appropriated to fund a state or local project. And monies of that nature, the Medicaid program is a good analog example. Everybody agrees we're getting into the merits and a motion to dismiss. And none of that's germane to this, is that right? Yes, correct. All of that is just to say there is a matter we intend to litigate. Got it. Yes. If the court has any other questions, I'm happy to answer them. Otherwise, I'd ask that you vacate and remand. Appreciate it. Thank you both for your arguments. We very much appreciate them. Thank you. We'll take it under advisement. Our next.